IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

WILLIAM LORD PUNCHARD,
ROYAL DEMOCRATIC STATES
OF CONTINTENTAL (SUDAN)
AFRICA GOVERNMENT,

            Plaintiff,

v.                                                    Civ. No. 05-129 JH/KBM

UNITED STATES GOVERNMENT, el al.,

            Defendants.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant *Deming Police Department's Motion to Dismiss* [Doc. No. 39]. In that motion, the City of Deming Police Department ("the City") argues that Plaintiff failed to properly serve it with his complaint, and that Plaintiff's amended complaint fails to state a claim against it for which relief may be granted.

In support of its motion to dismiss, the City argues that an amended complaint supersedes and replaces the original complaint and renders it a nullity, unless the amended complaint specifically refers to or adopts the earlier pleading. The City contends that Plaintiff's amended complaint does not reference or incorporate those allegations contained in the original complaint and thus he has abandoned these claims.

It is a well-established general rule that an amended complaint, filed pursuant to Rule 15(a) of the Federal Rules of Civil Procedure Rule, supersedes the complaint it modifies and renders the prior complaint of no legal effect. *See Graham v. City of Oklahoma* City, 859 F.2d 142, 144 (10th Cir. 1988); *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985); *Cameron v. Fogarty*,

705 F.2d 676 (2d Cir. 1983); *London v. Coopers & Lybrand*, 644 F.2d 811 (9th Cir. 1981). However, under Rule 10(c), specific allegations of the prior complaint may be referenced or incorporated by the amended complaint, but only if reference to allegations in the prior complaint is direct and specific. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.1987); *Aktiebolaget Stille-Werner v. Stille-Scanlan, Inc.*, 1 F.R.D. 395 (S.D.N.Y.1940). While William Lord Punchard, a *pro se* plaintiff, is entitled to have his pleadings construed liberally, he nevertheless is subject to the same rules of procedure that govern other litigants. *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir.1992).

Because he filed his amended complaint before any defendant had filed a responsive pleading, Plaintiff's amended complaint is valid and in effect. Therefore, the amended complaint supersedes allegations of the original complaint. Plaintiff's amended complaint makes no mention of the City, contains no allegations of wrongdoing by the City, and sets forth no claims against the City. Furthermore, Plaintiff's amended complaint does not mention the existence of a prior original complaint and makes no explicit and direct reference to specific allegations of the original complaint.

Because the Amended Complaint fails to state a claim against the City, the motion to dismiss should be granted. The Court does not reach the question of whether Plaintiff has effectuated proper service on the City.

**IT IS THEREFORE ORDERED** that Defendant *Deming Police Department's Motion to Dismiss* [Doc. No. 39] is **GRANTED**, and all of Plaintiff's claims against it are dismissed.

_____
**UNITED STATES DISTRICT JUDGE**